**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-05-0535-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Napoleon Flores-Arvizu, | |
| Defendant. | |

**I.  Background**

On April 12, 2006, Defendant Flores-Arvizu pled guilty to one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). After being sentenced to thirty months' imprisonment followed by three years' supervised release on July 7, 2006, Defendant appealed. On July 20, 2007, while his appeal was pending, Defendant was released from prison and deported from the United States. Apparently neither counsel informed the Ninth Circuit Court of Appeals that the Defendant had been released and deported. On March 27, 2008, the Ninth Circuit entered judgment vacating the sentence and remanding for re-sentencing because the government had not satisfied its burden of establishing the basis for a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). (Doc. # 59). The formal mandate accompanying the judgment was filed by the clerk at the Ninth Circuit on April 21, 2008. The mandate was received by the government on April 22, 2008, and by defense counsel on April 24, 2008. It is unknown whether the Clerk of

this Court did not receive the mandate or received it and somehow failed to file it. In any event, there is no record of the mandate being received and it was not filed. Neither counsel contacted this Court concerning re-sentencing pursuant to the mandate they had received. The Clerk of this Court discovered the missing mandate in the course of a general audit of cases on appeal in July 2009. Another copy of the mandate was then obtained and entered on the district court docket July 28, 2009. Before then, this Court was not aware of it.

Rule 43 of the Federal Rules of Criminal Procedure requires a defendant to be present at sentencing, but attempts to contact Defendant for re-sentencing have been unsuccessful. The government and defense counsel propose different resolutions of this case in light of Defendant's absence. In its Memorandum Regarding Affirmation of Sentence (doc. # 61), the government proposes affirming the original sentence without prejudice to Defendant's motion to vacate the sentence if and when he returns to the United States. In Defendant's Memorandum Regarding Re-Sentencing (doc. # 63), defense counsel suggest either that the government dismiss the case outright or that the case be continued indefinitely until Defendant returns to the United States. For the reasons set forth below, all this Court can do is advise the parties to seek an amendment of the Ninth Circuit's mandate.

**II.     Analysis**

    **A.     Presence Required**

A defendant must be present at sentencing. Fed. R. Crim. P. 43(a)(3). This requirement extends to re-sentencing proceedings following vacation and remand.[1] *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1065 (9th Cir. 2004); *United States v.*

---

[1] Re-sentencing following vacation and remand is to be distinguished from re-sentencing following remand to correct or reduce the sentence under Rule 35 of the Federal Rules of Criminal Procedure. While the former requires the defendant's presence, the latter does not. Fed. R. Crim. P. 43(b)(4); *United States v. Arrous*, 320 F.3d 355, 359-60 (2d Cir. 2003); *United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991). In this case, because the sentence was vacated, Defendant's presence at re-sentencing is required.

*Moree*, 928 F.2d 654, 656 (5th Cir. 1991); *United States v. McClintic*, 606 F.2d 827, 828 (8th Cir. 1979). In a noncapital case, a defendant's voluntary absence waives his right to be present at sentencing. Fed. R. Crim. P. 43(c)(B). However, where a defendant has been deported, his absence is involuntary. *See United States v. Arrous*, 320 F.3d 355, 360 (2d Cir. 2003); *United States v. Suleiman*, 208 F.3d 32, 40 (2d Cir. 2000). Here, because the sentence was vacated and remanded, Defendant's presence is required at re-sentencing. Defendant has not waived his right to be present, because his absence due to deportation is involuntary. Therefore, Defendant's presence is required at the re-sentencing proceeding.

### B. Resolution

This case presents conflicting obligations. On the one hand, the Ninth Circuit has vacated the sentence and remanded the case for re-sentencing, a mandate this Court is obligated to follow. On the other hand, re-sentencing cannot proceed without Defendant's presence. Both the Second Circuit and Ninth Circuit have previously anticipated this dilemma and ruled accordingly in two cases where the defendant had already been deported at the time of the appellate ruling. *See Plancarte-Alvarez*, 366 F.3d at 1065; *Suleiman*, 208 F.3d at 40. In *Suleiman*, the Second Circuit decided that the district court had erroneously refused to enhance the defendant's sentence, but noted that the defendant's absence due to deportation would impede the re-sentencing. 208 F.3d at 34. The Second Circuit's solution was to affirm the judgment of the district court without prejudice to an application by the government to the district court to vacate the judgment and re-sentence the defendant if and when he returns to the United States. *Id.* at 41. The Second Circuit decided that this solution would best avoided "undesirable and mischievous results," including leaving the case on the district court's calendar for an indefinite period during which the defendant could argue that his sentence had been vacated. *Id.*

In *Plancarte-Alvarez*, with facts very similar to *Suleiman*, the Ninth Circuit expressly adopted the Second Circuit's solution. Ordinarily, the court would have

- 3 -

vacated the sentence and remanded for re-sentencing. 366 F.3d at 1065. However, because the court was aware that defendant was absent due to deportation and could not be re-sentenced, the court affirmed the sentence without prejudice to an application by the government to the district court to vacate the sentence and re-sentence the defendant if and when he returns to the United States. *Id.*

In this case, however, the Ninth Circuit has vacated the sentence and remanded for re-sentencing, presumably because the court was not informed that Defendant had already been deported. Therefore, this Court squarely faces the very conflict that was avoided in *Suleiman* and *Plancarte-Alvarez*. The district courts in *United States v. Arrous*, 320 F.3d 355 (2d Cir. 2003), and *United States v. Londono*, 100 F.3d 236 (2d Cir. 1996), faced the same conflict, but resolved it in different ways. In *Arrous*, the Second Circuit had previously vacated the sentence and remanded for re-sentencing. 320 F.3d at 357. By the time the case was remanded, however, the defendant had served his full sentence and had been deported. *Id.* at 357-58. After attempts to contact the defendant proved unsuccessful, the district court re-sentenced the defendant despite his absence, prompting defense counsel to appeal. *Id.* at 358. On appeal, the Second Circuit held that the district court erred in re-sentencing the defendant in his absence, but nevertheless upheld the new sentence because the error was harmless. *Id.* at 361. The court's decision was based on the fact that the new sentence was less onerous than the original sentence and that the defendant's presence at re-sentencing would have made no difference to the sentence. *Id.*

In *Londono*, the Second Circuit had previously vacated the sentence and remanded for re-sentencing, but was unaware of the defendant's deportation at the time the sentence was vacated. 100 F.3d at 237. Rather than re-sentencing the defendant in his absence, the district court issued an opinion explaining that the Second Circuit's mandate could not be enforced due to the defendant's absence and deciding that, by vacating the sentence, the Second Circuit had nullified the conviction. *Id.* The district court's "final disposition" involved placing the case on the fugitive calendar pending the defendant's return to the United States. *Id.* at 240. The Second Circuit recalled its mandate,

reinstated the district court's erroneous sentence, remanded for correction of the sentence under Fed. R. Crim. P. 35, and vacated the portion of the district court's opinion directing the clerk to remove the case from the active calendar. *Id.* at 242. Although the district court's opinion ultimately led to a resolution of the case, the Second Circuit took issue with the fact that the district court's failure to suggest that the parties seek an amendment of the mandate and with the parties' failure to inform the Second Circuit of the defendant's deportation prior to issuance of the district court's opinion. *Id.* at 242.

In this case, although re-sentencing Defendant in his absence will likely be harmless error in light of the fact that the new sentence will not be more onerous than the original sentence, the Court should not knowingly err. Therefore, the district court's solution in *Arrous* is rejected. The government's solution, which is to affirm the sentence without prejudice to an application by Defendant to vacate the sentence, is also flawed, because the sentence has been vacated. More importantly, affirming the sentence would be contrary to the Ninth Circuit's mandate. Defense counsel's suggestion that the case be continued indefinitely pending Defendant's return to the United States is not sensible because there is no reason to think the Defendant will return to the United States or surrender himself for resentencing if he does. This Court's hands are tied. All it can do is follow the guidance of the Second Circuit in *Londono* and advise the parties to seek an amendment of the Ninth Circuit's mandate in light of the fact that Defendant cannot be re-sentenced in his absence. A possible solution would be for the Ninth Circuit to affirm the sentence without prejudice to an application by Defendant to this Court to vacate the sentence and impose a new sentence should he ever return to the United States, as was done in *Plancarte-Alvarez*.

/ / /

IT IS THEREFORE ORDERED that the parties consider seeking an amendment to the Ninth Circuit's mandate in light of the fact that this Court cannot re-sentence Defendant in his absence.

DATED this 11th day of December, 2009.

/s/ Neil V. Wake
Neil V. Wake
United States District Judge